

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

August 26, 2013

The Honorable Daphne Session
Houston County Attorney
401 East Houston Avenue, 2nd Floor
Crockett, Texas 75835

Opinion No. GA-1021

Re: The appropriate court for a surety to file a release of surety for the surrender of a bond principal (RQ-1121-GA)

Dear Ms. Session:

You ask about "the proper court in which a surety may file a release of surety for the surrender of a bond principal" under articles 17.16 and 17.19 of the Code of Criminal Procedure.[1]

When a person who has been released from custody on a bond later becomes incarcerated, article 17.16 of the Code of Criminal Procedure establishes a procedure by which the person's surety, typically a bail bondsman, may be absolved of liability on the bond. TEX. CODE CRIM. PROC. ANN. art. 17.16 (West Supp. 2012). To discharge liability, the surety must provide "to the sheriff of the county in which the prosecution is pending and to the office of the prosecuting attorney an affidavit stating that the accused is incarcerated." *Id.* art. 17.16(a)(2). The sheriff must then verify the incarceration and, once verified, must "notify *the magistrate before which the prosecution is pending* of the verification." *Id.* art 17.16(b) (emphasis added). "[T]he bond is discharged and the surety is absolved of liability on the bond on the verification of the incarceration of the accused." *Id.* art. 17.16(e).

In instances where the principal (the accused person released from custody on a bond) is not incarcerated, article 17.19 provides a procedure by which a surety may attempt to surrender the principal. *Id.* art. 17.19. To do so, the surety must "file an affidavit of such intention before *the court or magistrate before which the prosecution is pending*," stating, among other things, the cause for the surrender. *Id.* art. 17.19(a) (emphasis added). "In a prosecution pending before a court, if the court finds that there is cause for the surety to surrender the surety's principal, the

---

[1]Letter from Honorable Daphne Session, Houston Cnty. Att'y, to Honorable Greg Abbott, Tex. Att'y Gen. at 1–2 (Apr. 15, 2013), http://www.texasattorneygeneral.gov/opin ("Request Letter").

court shall issue a capias for the principal."[2] *Id.* art. 17.19(b). If the prosecution is pending before a magistrate, and the magistrate makes a similar finding, "the magistrate shall issue a warrant of arrest for the principal." *Id.*

You explain that in Houston County, the majority of arrested persons are initially taken before a justice of the peace to receive *Miranda* warnings and for bail proceedings, but that in most instances a county court, a county court-at-law, or a district court presides over the case on the merits. *See* Request Letter at 1; *see* TEX. CODE CRIM. PROC. ANN. art 15.17 (West Supp. 2012) ("Duties of arresting officer and magistrate"). You further explain that the justices of the peace in Houston County believe that they do not have jurisdiction over the release of a surety after they have set the bond amount. Request Letter at 3. Thus, you explain that after bond is set but before a formal charging instrument is filed, "there is no court in Houston County with which a surety can file an affidavit to surrender a bond principal." *Id.* With regard to both articles 17.16 and 17.19, you ask before which court or magistrate a "prosecution is pending" after a person is released on a bond but before a formal charging instrument is filed in the county, county court-at-law, or district courts. *Id.* at 2.

In Letter Opinion 98-066, this office addressed your question with regard to article 17.19. That opinion concluded that "a surety is not limited to filing an affidavit for surrender of a bond principal to the court in which the formal charging instrument has been filed." Tex. Att'y Gen. LO-98-066, at 5. Instead, "a prosecution *is pending* before the court or magistrate who properly received a complaint, whether the complaint is a formal charging instrument, the basis for an arrest warrant, or some other 'complaint' charging the commission of an offense."[3] *Id.* at 6 (emphasis added). Until "a case is transferred to a court that will hear further proceedings" on the merits of the case, "the affidavit for surrender of bond principal should be filed with the magistrate who received" the initial complaint. *Id.*

The Legislature amended article 17.19 in 2007, after Letter Opinion 98-066 was issued.[4] In those amendments, the Legislature added language to subsection (b) expressly requiring that when prosecution is pending before a magistrate, "if the magistrate finds that there is cause for

---

[2]While "capias" is not defined specifically for chapter 17, it is defined for other purposes in the Code of Criminal Procedure as "a writ that is: (1) issued by a judge of the court having jurisdiction of a case after commitment or bail and before trial . . .; and (2) directed 'To any peace officer of the State of Texas', commanding the officer to arrest a person accused of an offense and bring the arrested person before that court immediately or on a day or at a term stated in the writ." TEX. CODE CRIM. PROC. ANN. art. 23.01 (West 2009).

[3]Letter Opinion 98-066 noted that in instances when a person is arrested without a warrant, and thus without a pre-arrest complaint having been filed, the arresting officer files an affidavit or some other form to show probable cause as to why the person should be detained. *Id.* at 3. The opinion explained that these documents could be considered "complaints" such that prosecution is pending before the magistrate that receives them. *Id.*

[4]Acts of May 21, 2007, 80th Leg., R.S., ch. 1263, § 2, 2007 Tex. Gen. Laws 4228, 4228–29.

the surety to surrender the surety's principal, the magistrate shall issue a warrant of arrest for the principal." TEX. CODE CRIM. PROC. ANN. art. 17.19(b) (West Supp. 2012).    The term "magistrate" is defined broadly for purposes of the Code of Criminal Procedure and expressly includes justices of the peace, county judges, county court-at-law judges, and district judges. *Id.* art. 2.09.  We find nothing in the 2007 amendments that would change the relevant analysis in Letter Opinion 98-066.  Thus, after a person is released on a bond but before a formal charging instrument is filed in the county, county court-at-law, or district court, prosecution is pending for purposes of article 17.19 before the court or magistrate who properly received a complaint.

Article 17.16 uses the same relevant language as article 17.19.  Once the sheriff has verified the incarceration, "*the magistrate before which the prosecution is pending* shall direct the clerk of the court to issue a capias for the arrest of the accused" in most circumstances. *Id.* art. 17.16(c) (emphasis added).  The analysis in Letter Opinion 98-066 is therefore applicable to article 17.16.  You note that the Legislature amended article 17.16 in 2011, and it is those changes that lead the justices of the peace to believe "they do not have jurisdiction related to the release of a surety." Request Letter at 3.  The 2011 amendments added the requirements that the sheriff verify the incarceration and that the magistrate direct the clerk of the court to issue a capias for the arrest of the accused in certain circumstances.[5]  However, the amendments did not have any effect on the proper court in which to file the affidavit.  Thus, after a person is released on a bond but before a formal charging instrument is filed in the county, county court-at-law, or district court, prosecution is pending for purposes of article 17.16 before the magistrate who properly received a complaint.

---

[5]Acts of May 5, 2011, 82d Leg., R.S., ch. 87, § 1, 2011 Tex. Gen. Laws 444, 444–45.

## S U M M A R Y

For purposes of Code of Criminal Procedure articles 17.16 and 17.19, after a person is released on a bond but before a formal charging instrument is filed in the county, county court-at-law or district court, prosecution is pending before the magistrate who properly received a complaint against the accused.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

Virginia K. Hoelscher
Assistant Attorney General, Opinion Committee